BANCO COMERCIAL DE PUERTO RICO, PLAINTIFF AND RESPONDENT, *v.* RODRÍGUEZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan, Section 1, in an action of debt.

No. 1097.—Decided April 16, 1914.

JUDGMENT ON ADMISSIONS OF DEFENDANT—NEW MATTER ALLEGED IN ANSWER—EVIDENCE.—When the defendant admits all the essential allegations of the complaint and offers no evidence in support of the new matter alleged in his answer, the court may render judgment against him without requiring the plaintiff to offer any evidence in support of his complaint.

RENEWAL OF NOTE—EVIDENCE.—The defendant who alleges the renewal of a note as a defense must prove his allegation.

ID.—GENUINENESS OF NOTE—EVIDENCE.—When a promissory note is transcribed in the complaint and the defendant fails to deny its genuineness under oath in his answer, the court is justified in considering its genuineness and also

the date of maturity stated therein as proven without requiring the plaintiff to introduce the note in evidence, unless the defendant prove that it was renewed.

The facts are stated in the opinion.

*Mr. A. Sarmiento* for the respondent.

*Mr. Manuel F. Rossy* for the appellants.

MR. JUSTICE ALDREY delivered the opinion of the court.

The Banco Comercial de Puerto Rico brought an action against appellants Carlos Rodríguez Altiery and his wife, María Ribas Calderón, in the District Court of San Juan, Section 1, for the recovery of $3,700, which, according to a document transcribed in the complaint, had been received by the husband from the said Banco Comercial during his wedlock and which he promised to pay on July 30, 1913, securing the payment by pledging some stock certificates and by giving a second mortgage on a certain property belonging to the defendants.

The defendants answered the complaint admitting the truth of its allegations, including the one containing the transcript of the promissory note, but adding that although the note matured on July 30, 1913, they understood that it had been extended for another four months, defendant Rodríguez having so inferred from a conversation he had had with the manager of the said bank. The defendants did not appear at the trial and the plaintiff bank having asked that judgment be rendered without the introduction of evidence inasmuch as the defendants had admitted the allegations of the complaint in their answer, the court rendered judgment on December 22, 1913, against the defendants and in favor of the plaintiff for the sum of $3,700 claimed, together with interest at 12 per cent annually from July 31, 1913, to the date of payment and costs and attorney's fees. From that judgment the defendants took the present appeal.

The appellants base their prayer for the reversal of the judgment on the grounds that the plaintiff offered no evi-

dence in support of its action and failed to introduce in evidence the original of the obligation sued upon.

It is true that the plaintiff must prove his case, but this is not necessary when the defendant admits sufficient essential allegations of the complaint 'to support a judgment in favor of the plaintiff. In the present case the defendants admitted the existence of the obligation set forth in the promissory note, which they acknowledged to be genuine, and while admitting also that the note fell due on July 30, 1913, they claimed that it had been extended four months more, for which reason they denied the maturity of the note as claimed by the plaintiff. This allegation of the defendants constituted a defense which threw upon them the burden of proving it at the trial, but they offered no evidence for that purpose. The promissory note acknowledged and admitted by the defendants shows on its face that the debt was due, and if it were true that the note was extended, the defendants should have proved that fact, inasmuch as section 132 of the Code of Civil Procedure provides that the statement of any new matter in the answer, in avoidance or constituting a defense or counterclaim, must, on the trial, be deemed controverted by the opposite party. Therefore the burden of proving this fact was on the defendants.

Nor was section 24 of the Law of Evidence violated in this case by the failure of the plaintiff bank to offer in evidence the original promissory note containing the defendants' obligation for the amount claimed, because its existence having been acknowledged by the defendants and they having failed to deny its genuineness under oath in their answer to the complaint, as required by section 119 of the Code of Civil Procedure, the court was justified in considering its genuineness proven, consequently there was no need to offer the said document in evidence.

We see no reason for reversing the judgment appealed from, therefore it should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.